IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONCERNED CITIZENS OF THE CITY :
OF DUQUESNE (LARRY HASAN), :
       Plaintiff, :
   v. : Case No. 3:14-cv-250-KRG-KAP
PENNSYLVANIA DEPARTMENT OF :
EDUCATION, et al., :
       Defendants :

## Report and Recommendation

### Recommendation

The pending motion to dismiss at docket no. 5 by defendants Apostolou Associates Architects and Whitecap, the pending motion to dismiss at docket no. 18 by defendants Barnes, Baugn, Cmar, Debolt, Denton, Hogan, Matta, Mento, Nellen, Pipkin, Rach, Utely, and Wells, and the pending motion to dismiss at docket no. 21 by defendants Casey, Dumaresque, Hickok, Long, Tomalis, Zahorchak, Zogby, and the Pennsylvania Department of Education should be granted.

### Report

The motions to dismiss are unopposed, plaintiff having failed to file a timely response to any of them. The court should not spend undue judicial time on matter the plaintiff has not cared enough to pursue, so I will be brief. Larry Hasan, styling himself as Concerned Citizens of the City of Duquesne, filed a *pro se* complaint, subsequently amended to be a proposed "Compaint [sic] Class Action," against the moving defendants (and other defendants whose motions to dismiss are not yet ripe) alleging in seventeen grammatically-flawed and semantically-challenged pages that the

defendants had mis-managed affairs in the Duquesne City School District since the 1990s. Then he went silent, not responding to the motions to dismiss except to ask for more time to answer one of them on the sole grounds that because he is a *pro se* plaintiff he should not be held to deadlines.

I do not know whether plaintiff is sincerely concerned with the welfare of the Duquesne City School District and his complaint is an anguished *cri de coeur,* or whether he is maliciously attempting to arbitrage the relatively inexpensive device of a *pro se* lawsuit to inflict financial damage on the Duquesne City School District and the defendants. For purposes of motions under Rule 12(b)(1)(lack of subject matter jurisdiction) and Rule 12(b)(6)(failure to state a claim) it does not matter. It does matter and I do know that plaintiff gives no reason why any actions of any defendant taken before November 2012 would not be barred by the statue of limitations. That alone would eliminate Count 1 (events from 1995-97), Count 2 (events from 1998), Count 3 (events from 2000), Count 4 (events from 2007), Count 6 (events from 1949) and Count 7 (events from 1997). Count 5 alleges events from December 2012; Count 7 also states that actions occurred "from 2000 to present" but the completely conclusory statement that unspecified violations of the Constitution took place is a legal nullity. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009):

**First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal**

conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, **we "are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss.** *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis)

I do know that in addition to running afoul of *Iqbal* as to stating a substantive claim against any defendant, plaintiff does not attempt to give a brief statement under Fed.R.Civ.P. 8(a)(1) for believing that this or any federal court has jurisdiction over claims against defendants Apostolou Associates Architects and Whitecap, who are not alleged to be public officials and who are not alleged to have acted under color of state law, or to be citizens of another state than plaintiff.

I do know that plaintiff does not attempt to explain why he has suffered a concrete and particularized injury from the actions of each named defendant, and is not simply using his complaint to assert a generalized grievance he shares with every other taxpayer and citizen of the Duquesne City School District (or

for that matter, of Pennsylvania). See Lance v. Coffman, 549 U.S. 437, 439-40 (2007)(collecting cases explaining citizen and taxpayer standing); Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257-58 (3d Cir.), cert. denied, 555 U.S. 1091 (2009).

In short, plaintiff has not tried to carry the burden he bears, see Nuveen Municipal Trust v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir.2012) to establish his right to federal jurisdiction, does not satisfy Fed.R.Civ.P. 8(a) as to stating a claim against any moving defendant, and from the information plaintiff does provide could state only time-barred claims against as to all of the moving defendants except the unnamed Secretary of Education in December 2012, the Pennsylvania Department of Education, and Paul Long (mentioned in Count 5). The complaint should be dismissed without leave to amend because permitting amendment would be inequitable as well as futile.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 2 Jun 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Larry A. Hasan
    209 Library Court
    Duquesne, PA 15110

4