IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONCERNED CITIZENS OF THE CITY :
OF DUQUESNE (LARRY HASAN), :
            Plaintiff, :
        v. : Case No. 3:14-cv-250-KRG-KAP
PENNSYLVANIA DEPARTMENT OF :
EDUCATION, et al., :
            Defendants :

### Report and Recommendation

#### Recommendation

The pending motion to dismiss at docket no. 23 by defendants Raintree Consulting, Inc. and Anthony Ruscitto, and the pending motion to dismiss at docket no. 25 by defendants Thomas O'Brien, James Rohr, and PNC Financial Services should be granted.

#### Report

This Report and Recommendation applies to the second set of motions to dismiss and the bases for dismissal are the same as in my earlier Report and Recommendation, so I will not repeat the citations to precedents the Court is already familiar with. Like the first set of motions to dismiss, this second set of motions to dismiss has not been replied to by the plaintiff.

Plaintiff Hasan, styling himself as Concerned Citizens of the City of Duquesne, has no standing to assert as legal claims in a civil lawsuit what are essentially political grievances about the management of affairs in the Duquesne City School District since the 1990s. That fatal flaw pervades the entire amended complaint.

Hasan does not remotely satisfy Fed.R.Civ.P. 8(a)(2)'s requirement that he set forth a short plain statement plausibly showing that each named defendant is liable to him. Hasan names moving defendants Raintree Consulting, Inc., and Anthony Ruscitto in the caption but does not allege any actions at all by them. To the extent Hasan tries to articulate a claim against moving defendants Thomas O'Brien, James Rohr, and PNC Financial Services, Hasan alleges in Count 2 actions by PNC Financial Services that PNC Financial Services allegedly took in 1998. If Hasan's allegations as to these defendants could be supplemented to satisfy Fed.R.Civ.P. 8(a)(2), Hasan gives no reason why that claim would not be barred by the statue of limitations.

Hasan fails to provide any satisfactory statement required by under Fed.R.Civ.P. 8(a)(1) plausibly alleging that this or any federal court has jurisdiction over claims against any of the moving defendants based in any federal statute. Nor does Hasan allege the basics of a civil rights claim under 42 U.S.C.§ 1983: the moving defendants are not alleged to be public officials, and they are not plausibly alleged to have acted under color of state law. Hasan does not allege anything about the citizenship of PNC Financial Services or Raintree Consulting, but he alleges that the moving defendants who are natural persons are citizens of Pennsylvania, so Hasan does not even tacitly rely on diversity jurisdiction.

The complaint should be dismissed without leave to amend because permitting further amendment would be inequitable as well as futile.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 5 June 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Larry A. Hasan
209 Library Court
Duquesne, PA 15110