IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONCERNED CITIZENS OF THE CITY :
OF DUQUESNE (LARRY HASAN), :
       Plaintiff, :
   v. : Case No. 3:14-cv-250-KRG-KAP
PENNSYLVANIA DEPARTMENT OF :
EDUCATION, et al., :
       Defendants :

## Report and Recommendation

### Recommendation

For the second time in this case, an error in the Clerk's office has resulted in the pleadings in this matter being filed after a delay and out of order. Plaintiff Larry Hasan (or someone on his behalf) delivered a paper copy of the pleadings at docket no. 62 ("Plaintiffs' Motion to Certify Class Action"), docket no. 63 ("The plaintiffs motion to alter or amend ..."), and docket no. 64 ("Plaintiff Larry A. Hasan's Statement...") to the Clerk's Office in Pittsburgh on or about October 2, 2015. They were not docketed in Johnstown until today, November 5, 2015. Both of the plaintiff's motions should be denied.

### Report

It is important to note that the sole movant and plaintiff is the individual who signed the complaint, Larry A. Hasan. If he wishes to style himself as Concerned Citizens of Duquesne, that is his privilege. At times in this matter plaintiff has demonstrated that he believes that other natural persons are plaintiffs too, but the other persons he sometimes lists did not sign the complaint, have not moved to intervene, and were not

joined involuntarily. Several of plaintiff's putative co-plaintiffs filed what were styled as "declarations" on the same day the notice of appeal was filed, see docket no. 56, but a declaration that one believes oneself to be a plaintiff is not a motion to intervene and does not make one a plaintiff.

Hasan's motion at docket no. 62 seeks to certify this matter as a class action. The complaint was dismissed without leave to amend on August 26, 2015, see docket no. 54, and a notice of appeal was filed on September 28, 2015, see docket no. 57. Because there is no point to considering this motion unless the Court of Appeals decides that the complaint should go forward, it should be denied without prejudice.

As for the Rule 59 motion at docket no. 63, plaintiff correctly cites the standard for evaluating Rule 59 motions and restates many of the arguments that he asserted in his opposition to the motions to dismiss. Plaintiff, however, ignores the reason for dismissal of the complaint, plaintiff's lack of standing. Plaintiff is trying to bring in the form of a lawsuit what is essentially a political grievance that he would share with every citizen of the school district and every taxpayer in Pennsylvania. His asserted injury - the deprivation of competent, honest, or law-abiding management of his school district by local and state government officials - is one that would be common to all members of the public and therefore is not sufficient to confer standing.

In addition to the authorities I previously cited, see also Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 219-20 (1974), quoting Ex parte Levitt, 302 U.S. 633, 634 (1937). A moral and political right that the government act properly is not equivalent to a private legal right that permits use of a lawsuit to force the government to act properly. See e.g. Collura v. Maguire, 569 Fed.Appx. 114, 117 (3d Cir.2014) (Affirming the dismissal for lack of standing of a complaint against the Disciplinary Board of the Supreme Court of Pennsylvania for failing take action against an attorney: "Collura had no right to have disciplinary action taken against Maguire and he thus suffered no injury as a result of the decision not to pursue his complaint.") The motion at docket no. 63 should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 3 November 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Larry A. Hasan
    209 Library Court
    Duquesne, PA 15110

3